IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:18CR301 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | **BRIEF IN SUPPORT OF OBJECTIONS TO GUIDELINE AND GROUPING CALCULATIONS** |
| KRISTA PARKER, | ) ) ) | |
| Defendant. | ) | |

Krista Parker objects to the conclusion in the Revised Modified Presentence Report (RMPSR) that the crime most analogous to the crime of conviction is kidnapping and the correlate reference to U.S.S.G.§ 2A4.1 to determine base offense level of 32. This error affects the conclusions in paragraphs 34, 35, 43 48 50 55 80 83 and 88. She also objects her to counts being grouped separately.

OFFENSE LEVEL GUIDELINES

The sentencing guidelines do not include provisions for the crime of child abuse. Since that is the case, U.S.S.G.§ §2X5.1 comes into play. It provides:

 - Other Felony Offenses

If the offense is a felony for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. § 3553 shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

1

Kidnapping is not an analogous offense in this case because the kidnapping statute (for what should be obvious reasons) does not criminalize the confining of children by parents. It is not an analogous offense because it is no offense at all in the context of a child and caregiver.

Parents specifically are listed as an exception to and excluded from the federal kidnapping statute. 18 U.S. C. § 1201(a). This exception extends to foster parents such as Krista who provided the day-to-day care of C.H.

"The federal kidnapping statute includes an exception for actions 'in the case of a minor by the parent thereof.' 18 U.S.C. §1201(a)" *United States v. Brown*, 330 F.3d 1073, 1077 (8th Cir. 2003). The court in *Brown* further stated: "[w]e have construed the term 'parent' in the statutory exception as potentially including 'anyone who stands in a position equivalent to that of a parent,' as well as the child's biological parents. *Miller v. United States*, 123 F.2d 715, 717 (8th Cir. 1941) *rev'd on other grounds*, 317 U.S. 192, 187 L.Ed. 179, 63 S.Ct. 187 (1942); accord *United States v. Floyd*, 81 F.3d 1517, 1523 (10th Cir.) ("a surrogate parent is exempt from prosecution under section 1201'), cert. denied, 519 U.S. 851, 136 L.Ed.2d 91, 117 S.Ct. 144 (1996)." 330 F.3d at 1078-79.

Krista Parker is exempt from the application of kidnapping penalties because a parental figure confining a minor is not a crime. Therefore, it is not an analogous offense and she should similarly be exempt from having a guideline for child abduction be applied in a child abuse case.

The RMPSR's conclusion that the shared use of the word confinement in the two statutes is not persuasive. Parents, and foster parents under the doctrine of *in loco parentis*, can, do, and should confine minors in myriads of ways from strapping them into car seats, placing them in cribs, playpens, using gates between rooms and in the yard, using time outs, and childproof locks on doors so children cannot wander outside. Such confinements are not a crime and do not constitute child abuse.

2

Nebraska foster care regulations require that foster parents discipline their wards. The regulations prohibit striking and spanking and the use of mechanical restraints, but do not prohibit confinement for purposes of discipline. 395 Ne. Admin Code Sec. 3-001.11. Neither do schools prohibit the use of seclusion, which is defined as involuntarily confining a student alone in an area they cannot physically leave. In Nebraska, each school system is charged with forming its own seclusion and restraints policy approved by the local school boards. Ne. Admin Code, Title 92, Chapter 10, Sec. 011E. The Department of Education Office of Civil Rights has a reporting requirement (but not a prohibition) regarding confinement that is triggered when seclusion of a student exceeds an hour, and some critics say that this has resulted in some districts nationwide back-engineering a one-hour rule. Nebraska has no such rule. In the public school in Macy, there is a padded room with physical restraints.

It should go without saying that the criminal justice system recognizes confinement to be appropriate punishment, even for minors.

The Nebraska statute of conviction, Neb. Rev. Stat. Sec. 28-707, child abuse, does not prohibit confinement; it prohibits abuse in the form of cruel confinement or cruel punishment. Determining when confinement or punishment crosses the line and becomes unjustifiable is clarified by Nebraska's justification statute. Under Neb. Rev. Stat. § 28-1413 (Reissue 2016), the use of force by a parent, guardian, or other person similarly responsible for the care and supervision of a minor is justifiable if the force is used to punish the minor's misconduct and is not designed to cause, or known to create, a substantial risk of death, serious bodily harm, disfigurement, extreme pain or mental distress, or gross degradation. Whether punishment inflicted upon a child by a parent or one standing in relation of parent was, under all circumstances and surroundings, reasonable or excessive is a question of fact.

In this case, the offending conduct was not that confinement alone occurred, because confinement is not a crime. The circumstances are a crime because the two other prongs were needed for justification were

3

not present. The confinement exceeded the context of punishing misconduct and it created a risk of mental distress. Therein lies the offense of child abuse and the core of what the court should look at to determine an analogous guideline.

Since Nebraska law does not prohibit caretaker confinement, the conclusion that child abuse is similar to kidnapping because of the shared element of confinement, where confinement is legal for foster parents under Nebraska law and the federal kidnapping statute, would be like finding a crime analogous because it shares a jurisdictional element. Child abuse under the counts of conviction is about the element of cruelty. The more appropriate area to look at for an analogous offense is the causing of mental distress.

The Eighth Circuit has addressed this issue:

> Common law assault embraces two different crimes: [(1)] attempted battery, that is, an intended effort to cause bodily harm to another which falls short of success . . . regardless of whether the intended victim knows of the attempt,'" and (2) any "act which is intended to, and reasonably does, cause the victim to fear immediate bodily harm; such 'menacing' constitutes assault even if no physical harm is attempted, achieved, or intended.

*United States v. Olson*, 646 F.3d 569, 573-74 (8th Cir. 2011) (alteration omitted) (quoting *United States v. Lee,* 199 F.3d 16, 18 (1st Cir. 1999)). Mental anguish over the possibility of harm is the crime of common law assault. A physically battery is not necessary.

Common law assault does not require physical injury. Causing another mental distress or fear over the possibility of injury or menacing alone is a difference between battery and assault. This mental anguish is the crux of the abuse conviction and falls within the purview of assault, and is the closest analogous offense to the crime of which Krista Parker finds herself convicted.

In a case where defendants were convicted in federal court of child abuse based on inappropriately severe discipline, but acquitted of assault, the court in *United States v Jackson* looked for an analogous

guideline that addressed the conduct found by the jury to be child abuse but not by assault. Despite the assault acquittal, it found that the assault guideline still best addressed the pivotal issue, the idea of cruelty due to the encompassing of the infliction of mental anguish in common law assault. *United States v. Jackson*, 862F.3d 365 (3rd Cir. 2017).

Nebraska has precedent for use of the assault guideline in child abuse cases. In this jurisdiction, two previous child abuse cases also applied the assault guidelines for child abuse, United States v. Victor Miller, 8:15CR161, and United States v. Jasmine Earth, 8:04CR433. Both cases involved a caretaker passing out or forgetting a child who was left in a precarious and vulnerable state.

The cases discussed above benefitted from application of the assault guidelines because they involved convictions for putting children in actual risk of death instead of a risk of cruelty. This point was brought up by the author of the RMPSR. This creates a result where a exposing a child to a risk of mental injury is treated many times harsher than exposing a child to a risk of death . This result shows the fallacy of using semantics over common sense. The results are untenable because they reverse the severity of the risk and ignore the mental element of distress from apprehension of harm that is one prong of common law assault.

18 U.S.C.§ 13 (a) directs that Parker shall be guilty of a like offense and subject to a like punishment. Enhanced domestic assault as well as false imprisonment both carry the same penalty under Nebraska law as the crime of conviction, which with good time, would take a maximum of a year and a half to serve. The penalty is 20 to life under federal kidnapping of a child, which, if used here, would warp the comity usually found between guideline ranges and statutory ranges. Both of those offenses similar in severity to the current charge would point also to use of the assault guideline range, and the use of the guideline would not result in a sentence as dissimilar in severity as comparing guidelines for kidnapping and

child abuse. The correct offense level should reference the assault guidelines found at U.S.S.G.§ 2A2.3(a)(2).

Should the court find that neither the assault guideline or the kidnapping guideline are analogous in a useful way, the court should rely on the factors found in 18 U.S.C. §3553 to ascertain the sentence.

## COUNTS SHOULD BE GROUPED TOGETHER

Krista Parker objects to the grouping of counts separately found in paragraphs 33, 42, 49, 51, and 52. The facts claimed by the government allege that the treatment of the victim were a series of many minor acts which, when aggregated, constituted the common objective of cruel confinement and punishment. The counts should be grouped under U.S.S.G.§ 3D1.2. The argument in the presentence reports that individual events should be treated separately does not apply in this case where the factual basis does not set out details of individual events the court can look to in different counts but rather suggests on ongoing practice of seclusion over time which was excessive and collectively resulted in aggregate harm.

## CONCLUSION

Using the correct guideline range under U.S.S.G.§ 2A2.3 or referencing the factors found at 18 U.S.C. §18 U.S.C. §3553(a), Krista Parker should be in a range that should make her a candidate for probation.

Respectfully Submitted,

KRISTA PARKER, Defendant,

By:   s/ David R. Stickman
      **DAVID R. STICKMAN**
      **Federal Public Defender**
      222 South 15th Street, Suite 300N
      Omaha, NE 68102

6

                                                (402) 221-7896  
                                                fax: (402) 221-7884  
                                                e-mail: david_stickman@fd.org